**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLARENCE WRIGHT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5768** |
| **MARLIN GUSMAN, SHERIFF OF ORLEANS** | **SECTION: "B"(3)** |

**ORDER AND REASONS**

Plaintiff, Clarence Wright, filed this *pro se* and *in forma pauperis* complaint against Sheriff Marlin Gusman regarding the conditions plaintiff endured in the aftermath of Hurricane Katrina. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

Sheriff Gusman has filed a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c).[2] Plaintiff has opposed that motion.[3] The United States Fifth Circuit Court of Appeals has held:

> The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). We accept the complaint's well-pleaded facts as true and view them in the light most favorable to plaintiff. The motion to dismiss should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint.

Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of material fact and

---

[1] Rec. Doc. 15.

[2] Rec. Doc. 13.

[3] Rec. Doc. 16.

only questions of law remain." Brittan Communications Intern. Corp. v. Southwestern Bell Telephone Co., 313 F.3d 899, 904 (5th Cir. 2002).

In his complaint, plaintiff claims that he was incarcerated within the Orleans Parish Prison system at the time Hurricane Katrina hit New Orleans. He alleges that, in the aftermath of the storm, he was left imprisoned in a hot, flooded cell. After approximately one day, he was evacuated to the Broad Street Bridge, where he was left without food or drinking water for three days.

In his motion, Gusman argues that the claims against him must be dismissed because the complaint fails to allege that he was personally involved in the incidents giving rise to plaintiff's claims. Gusman alternatively argues that the claims should also be dismissed because it cannot be shown that he acted with deliberate indifference.

As Gusman notes, this lawsuit is one of many filed by prisoners against Orleans Parish Prison system officials regarding the conditions after Hurricane Katrina. According to what is available on Westlaw, eleven such cases have now been decided on the merits.[4] In each of those cases, the claims against the jail officials were dismissed by the Court *sua sponte*: Deselles v. Gusman, Civ. Action No. 06-4136, 2007 WL 121833 (E.D. La. Jan. 11, 2007); Hill v. Gusman, Civ. Action No. 06-527, 2006 WL 3760454 (E.D. La. Dec. 18, 2006); Holmes v. Gusman, Civ. Action No. 06-3245, 2006 WL 3469555 (E.D. La. Nov. 28, 2006); Dean v. Gusman, Civ. Action No. 06-3243, 2006 WL 3469558 (E.D. La. Nov. 28, 2006); Lopez v. Gusman, Civ. Action No. 06-3048, 2006 WL 3469559 (E.D. La. Nov. 28, 2006); Bright v. Gusman, Civ. Action No. 06-2782, 2006 WL

[4] A number of other cases were dismissed grounds unrelated to the merits, such as the failure of the plaintiffs to prosecute their claims.

3469560 (E.D. La. Nov. 28, 2006); Tate v. Gusman, 459 F.Supp.2d 519 (E.D. La. 2006); Galo v. Blanco, Civ. Action No. 06-4290, 2006 WL 2860851 (E.D. La. Oct. 4, 2006); Charles v. Gusman, Civ. Action No. 06-53, 2006 WL 2604613 (E.D. La. Sept. 6, 2006); Hayes v. Gusman, Civ. Action No. 06-504, 2006 WL 1985464 (E.D. La. June 22, 2006); Gauff v. Gusman, Civ. Action No. 06-842, 2006 WL 2460753 (E.D. La. June 12, 2006) (Roby, M.J.), adopted, 2006 WL 2468771 (E.D. La. Aug. 21, 2006) (Engelhardt, J.).

As noted, Gusman argues in his motion that the claims against him must be dismissed because the complaint fails to allege that he was personally involved in subjecting plaintiff to the conditions about which he complains. It was, in fact, on that basis that the majority of the reported cases were dismissed. See Deselles, 2007 WL 121833, at *4; Hill, 2006 WL 3760454, at *3; Holmes, 2006 WL 3469555, at *2-3; Dean, 2006 WL 3469558, at *3; Lopez, 2006 WL 3469559, at *3; Bright, 2006 WL 3469560, at *3-4; Tate, 459 F. Supp.2d at 523; Charles, 2006 WL 2604613, at *4-5; Hayes, 2006 WL 1985464, at *2-3; Gauff, 2006 WL 2460753, at *3. This Court likewise finds that plaintiff's claims in the instant case must be dismissed on that same basis.

"Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).[5] "Personal involvement is an essential

[5] Plaintiff does not specify in his complaint whether he is suing Gusman in his individual or official capacity. Gusman has assumed that he is being sued in his individual capacity, and this Court is operating under that same assumption. However, if plaintiff meant to assert an official-capacity claim, that claim would clearly fail for the following reasons.

"Official capacity suits generally represent another way of pleading an action against an

element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In this case, plaintiff does not allege that Gusman personally subjected him to the conditions about which he now complains. Moreover, an official cannot be held liable pursuant 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

As also noted, Gusman alternatively argues in his motion that, even if plaintiff could show that Gusman was in fact personally involved, the claims against him still should be dismissed because it cannot be shown that he acted with deliberate indifference. In the majority of the reported cases, the judges also reached that conclusion. See Deselles, 2007 WL 121833, at *5; Hill, 2006 WL 3760454, at *3-4; Holmes, 2006 WL 3469555, at *3-4; Lopez, 2006 WL 3469559, at *4; Tate, 459 F. Supp.2d at 523-24; Charles, 2006 WL 2604613, at *5; Hayes, 2006 WL 1985464, at *3; Gauff, 2006 WL 2460753, at *3. For the following reasons, the undersigned likewise reaches that conclusion in this case.

Plaintiff essentially claims that Gusman failed to take adequate precautions to protect plaintiff from the hurricane and its aftermath. However, "[t]o prevail on a section 1983 failure to

---

entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Gusman would in reality be a claim against the local governmental body itself. However, in order to hold a local governmental body accountable for a constitutional violation, a plaintiff must allege that (1) an employee of the local governmental body violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999). Plaintiff does not allege that the purported constitutional violations in this case resulted from an official policy or custom.

protect claim, the prisoner must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999) (internal quotation marks omitted). Regarding the deliberate indifference requirement, the United States Fifth Circuit Court of Appeals has held:

> An official is deliberately indifferent when he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Johnson v. Johnson, 385 F.3d 503, 524 (5th Cir. 2004) (quotation marks omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Plaintiff cannot show that Gusman acted with deliberate indifference. Even plaintiff himself does not allege that the conditions about which he complains were imposed on the inmates as a form of punishment or resulted from any malevolent intent on Gusman's part; rather, the conditions were simply the unfortunate result of an act of nature which wrought devastation throughout this region. During the time at issue, virtually all of this area's citizens, incarcerated and free persons alike, were forced to endure hardships and unpleasant conditions. Moreover, plaintiff's exposure to those conditions lasted only a matter of days before his evacuation from the city, which, considering the conditions in New Orleans at that time, was relatively soon after the hurricane.

The fact that an argument could perhaps be made that Gusman should have taken more effective precautions to prepare for the hurricane and its aftermath does not mean that he

intentionally violated the inmates' rights by failing to do so. Rather, at best, plaintiff could show only that Gusman was negligent in that regard. However, it is clear that "deliberate indifference cannot be inferred merely from *a negligent or even a grossly negligent* response to a substantial risk of serious harm." Thompson v. Upshur County, Texas, 245 F.3d 447, 459 (5th Cir. 2001) (emphasis added). Negligence claims simply are not actionable under 42 U.S.C. § 1983. Eason v. Thaler, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability may be imposed under section 1983."); see also Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Nesmith v. Taylor, 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.").

Accordingly,

**IT IS ORDERED** that Sheriff Gusman's motion is **GRANTED** and that the claims against him are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this fifteenth day of February, 2007.

Daniel E. Knowles, III

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**